The parties are ready to proceed. You may begin. Good morning, Your Honor. May it please the Court. David Shimano on behalf of Appellant Halsey McLean Minor. I'd like to make a very brief introductory remark, then I'd like to answer all of your questions, and when we've completed the questions, I'd like to reserve the available time for rebuttal. The way this has been briefed to the Court, there's a body of law out there that is very protective of the right of the IRS to collect tax that is non-discharged in the bankruptcy and preserves the ability of the IRS to audit the amount owed after the bankruptcy, and nothing really in the bankruptcy is supposed to affect the ability of the IRS to do that audit post-bankruptcy to determine what is non-dischargeable. And we take the position that that case law, which would include, I would note, Miller v. United States, which in preparation I saw Judge Gray who was on that panel, that we're not governed by that. We're governed by the Greeland-Metunis view of the world, which is where the IRS enters into a settlement agreement, which is approved by a court order, that fixes the claim amount in the bankruptcy and characterizes the claim into various characterizations. That is binding on the IRS and subsequent non-dischargeability litigation. Counsel, that is actually where my question comes in, in this particular case, and that is, it seems to me that your position rises or falls on the meaning and intent of the stipulation because it's possible for the IRS to agree in that format to a particular amount of tax, and it's possible for it to agree to something less than that or different from that. So, what is your best argument that the stipulation intends to resolve the amount of tax debt for the year 2009? Our position, Your Honor, is that the IRS filed a proof of claim. They were fully aware of all claims when they filed the proof of claim, and they were aware of all claims when they entered into the settlement agreement, which, by the way, distinguishes us from the majority of the case law, which deals with the IRS wanting to assert a new claim. But Counsel, your client was not a party to that stipulation. Am I right about that? I disagree, Your Honor. As we explain in our reply brief, there's only one claim in this case. There's a claim against Mr. Minor for tax that existed on the petition date. There's one claim. That claim was asserted in the bankruptcy through a proof of claim by the IRS, and that claim was determined by a court order pursuant to settlement into various components, secured, priority, general, unsecured, and subordinated. And the priority claim amount received a distribution from the bankruptcy trustee in the bankruptcy estate. So, the IRS is now collecting... Or could the parties have included something that says, nothing in this agreement shall be construed to limit the rights of the IRS post-bankruptcy? They could have done that, or they could have included something expressly to the contrary. We agree that this is the entire amount of tax debt for 2009. They didn't do either one of those things, or the parties didn't do either of those things. So, I'm struggling to interpret the agreement. It could have been more explicit. I think as a matter of policy, the IRS should have the right in a settlement agreement like this to say, this is our known claim against our We reserve the right to audit post-bankruptcy, and if we overlooked an amount or the debtor underreported income, we have the ability, the right, to assert additional tax even if the settlement agreement fixed our amount. Mr. Shimano, may I ask you, isn't that exactly what the law allows the IRS to do? Because the IRS can make any claim it wants to, whatever they did in bankruptcy, and then go beyond that and assess additional taxes. They're not bound by their statements of claim in the bankruptcy. Why should they be bound by stipulation? Two reasons, Your Honor. Again, I'll just refer you to the Breland analysis, why that the IRS stipulates, and there is a court order. It is the court order that trumps the general policy that you were referring to. But I want to emphasize, we're beyond the Breland-Mattun situation. The IRS is not asserting a additional new claim against Mr. Minor. They basically stipulated with the IRS, trustee, here's our claim. We're going to stipulate that some of it's in bucket A and some of it's in bucket B, and we're going to get a And now they're coming against Mr. Minor, and they're saying, well, yes, we stipulated that part of this claim would be in bucket B, but now we're going to treat it as bucket A against you. That's not a new claim. That is not an audited claim that there's a mistake. They are simply saying they're not bound by their prior decision, and Mr. Minor can't complain about that. And I don't think there's any case they could do that. Let me just ask you, in your briefing, you agree that the IRS is not bound by the proof of claim. Specifically, you state that the IRS has the right to perform an audit post-bankruptcy and assert a non-dischargeable claim, even though the claim was not included in the proof of claim. So, if that's the case, how could the amount of Minor's 2009 tax debt have been actually litigated in the bankruptcy court proceedings? It was litigated in the sense that there was a dispute regarding the treatment of the IRS claim of how it would be received distribution for the bankruptcy estate. It had to be whether it was secured, whether it was priority. That was in dispute, and the IRS basically made an agreement with the trustee in order to get money from the bankruptcy estate. They made an agreement, and they agreed that the 2009 claim would be treated not as priority, but as unsecured. That brings me, I guess, to Judge Graber's question. Where in the stipulation do we see the IRS fixing the 2009 claim, or explicitly fixing the 2009 claim as a general unsecured claim, rather than a tax priority claim? Because I agree it's not explicit in the stipulation. We have to infer it from the fact that the priority claim amount in the stipulation is the exact number from the proof of claim, and that proof of claim had a priority claim amount of $997,000, which did not include the 2009 claim. The 2009 claim as part of the proof of claim was treated as secured, not priority. That's in the proof of claim. I'm not saying they're bound by that in the proof of claim. What I'm saying is when they did the settlement agreement, they could have said, well, our priority claim is 2009 plus 2011. It's $2 million total. They could have said that. They could have said in the stipulation, we reserve the right to go and recharacterize claims after the settlement agreement. They did not do any of that. When we look at the settlement agreement, the $997,000 priority claim is clearly based upon the 2011 tax year, which means the rest of the claim had to be general unsecured. They're stipulated that it would be general unsecured. I want to point out that the IRS is not bound by their characterization in the settlement agreement. By analogy, by logic, even though they received $882,000 as a priority tax distribution from the bankruptcy estate, why are they bound by that when they collect from Mr. Minor? Why should they be able to say, well, yes, we stipulated that would be on account of our priority tax year with the trustee, but were you Mr. Minor, you're not a party to that. We get to treat that as a 2004 distribution, and we can collect from you the entire amount and ignore the distribution we got from the that there's a third party beneficiary agreement here that Mr. Minor is a beneficiary of the stipulation. He has to be. We go into great. So your answer is yes, right? Yes. Do you have any authority that that a deficient taxpayer is an intended beneficiary of the stipulation? Your Honor, we cite it all in the briefs. The privity using privity with the trustee on the He's bound by the settlement agreement. He has no ability to challenge the claim against the bankruptcy estate. He's bound by it. Court Counsel, ordinarily, and maybe I'm incorrect about this, but I understand that ordinarily the trustee is in privity with the creditors because it is the creditors for whom the trustee is to, you know, amass and distribute the estate. Why, in this instance, would the trustee be in privity with the debtor? He's in privity. We cite to the court case law that when the trustee enters into a settlement agreement, that settlement agreement is binding on all parties and interest in the bankruptcy case, including the debtor. It is very important this court understand the importance of the are binding on all parties for all purposes in a bankruptcy state, including the debtor. The only exception, the only exception, and this is fundamental due process is if the trustee settles a non-dischargeable claim in the bankruptcy and stipulates the findings of fact regarding amounts or characterization of the claim, that cannot be, and the debtor is not a party to that litigation, that claim litigation. The debtor cannot be bound by that in subsequent non-dischargeable litigation. It's a matter of due process. But in the bankruptcy, the debtor is absolutely bound by it, and that creditor who's a party to that litigation in the bankruptcy must be bound to that in subsequent non-dischargeable litigation. Thank you, Mr. Shimano. Thank you very much. You've run out of your time. I may give you one minute for rebuttal. Thank you, Your Honor. Uh-huh. Counsel, please state your appearance. Counsel, we can't hear you. You're muted. Excuse me. I apologize. Thank you, Your Honor. Good morning. May it please the court. I'm Rachel Wolitzer, representing the appellee of the United States. The debtor admits that the 2009 taxes fulfill the statutory requirements for priority taxes, which are non-dischargeable under Section 523A1A of the bankruptcy. The debtor also admits that the stipulation between the trustee of the U.S. and the FTD did not address the dischargeability of the debtor's personal liability for the 2009 taxes. It is black-letter law in this circuit under the Miller case that in order to demonstrate that the government has waived its right under 523A1A to collect a non-dischargeable tax debt, quote, a clear, explicit statement to that effect must exist, unquote. And that is from the Miller case, 363 F3rd 999. Now, in his presentation, Mr. Shimano has admitted that there is no explicit statement in the stipulation regarding the dischargeability or non-dischargeability of the tax debt. Because the stipulation does not contain such a clear, explicit waiver of the non-dischargeability of the 2009 tax debt, the lower courts correctly held that it does not preclude the United States from collecting the non-dischargeable 2009 tax debt. Ms. Wolitzer, it seems like it is important for us to understand the intent of the parties when entering the stipulation. And I will tell you where I am having a little bit of trouble here is that this was a judgment on the pleadings. And so I am trying to figure out what documents should be considered because it seems like because it is a judgment on the pleadings, it needs to be those documents that attach. And there is a lot of reference to the motion from the trustee to accept the stipulation, which I do not believe is part of the pleadings. So help me understand how we get to the intent without that motion from the trustee. Okay. Under the Wojciechowski case, the extent of the preclusive effect of a settlement agreement, judicially approved settlement agreement, is determined by the intent of the parties to the agreement as reflected in the language of the agreement. So there is another Miller case, 797F2-727, that states that the scope of a judicially approved settlement agreement, quote, must be discerned within its four corners. So the very first thing that needs to be done is to look at the language of the stipulation to determine, is there a clear, explicit waiver of the government's right to collect the non-dischargeable 2009 taxes. If there's no clear, explicit waiver in the stipulation, the inquiry ends there. Now, there is nothing in the stipulation that discusses dischargeability, non-dischargeability. There's no clear, explicit waiver by the government. And absent such a waiver, the stipulation cannot be interpreted as affecting dischargeability or non-dischargeability. Let me ask you that. Paragraph 1 of the stipulation states that the amount of the IRS's priority claim is $997,000 plus. Is it correct that this amount was derived from the IRS's proof of claim? Because I'm trying to figure out, why did the IRS fail to list tax year 2009 and other years entitled to priority under 11 U.S.C. 507-88 in its priority claim? Okay, thank you, Your Honor. Well, first of all, I'd like to point out that there is nowhere in stipulation that says, this is the amount of the 2009 claim. The debtors' council continues to argue that, well, the stipulation fixes the amount of the 2009 claim. The 2009 claim is fixed in the stipulation. That's not the case. But Ms. Walter, I'm reading from the stipulation, page 2, line 22, debtor for tax years 2007, 2008, 2009, and 2011. So there is a mention of the debtors' tax for 2009. Correct, Your Honor. But the stipulation does not mention the amount or the classification of the 2009 specifically. So it talks about the total amount of the claims, and it talks about the classification and the amounts are set forth in terms of secured priority and unsecured general. Now, I will explain... But what do you make, excuse me, excuse me, on page 2 further down in paragraph F, it describes the IRS's claim as covering unpaid federal income taxes owed by the debtor for tax years, and it includes 2009 as well. Correct, but it doesn't say what the amount... I'm sorry, Your Honor. Well, then paragraph G attaches as exhibit B the claim itself, which lists a specified amount for the year 2009. Correct. The proof of claim is... Incorporated by reference in the stipulation. So how can you say that it doesn't list an amount for 2009? Because the stipulation, the actual terms of the stipulation on page 6 in paragraphs 1, specifically for the IRS in paragraph 1, does not address. That is the relevant term. So the proof of claim is just the basis for the agreement between the parties. But if you read it together, doesn't... I haven't, as they say, done the arithmetic, but don't you have to read all of it together to see what the claim on page 6 covers? Okay. So looking at the claim, the 2009 is listed as a secured claim. Now, the problem is there was not enough security in remaining in the bankruptcy estate to secure the secured claim of Sotheby's share, which was 586,604. So the 2009, therefore, became unsecured. But under the statute... Well, how do we know which one became unsecured? The 2009. You know that because what? What in the stipulation does it say that this does not include 2009? It doesn't need to, Your Honor, because dischargeability and priority are determined by statute. So... So you could have picked a different year if you didn't like that year? I mean... We didn't pick any year, Your Honor. The 997 was based on the priority claim, the 2011 priority claim, because the debtor did not file a return for 2011. So the IRS had to prepare a return and estimate the amount... But that's not the secured claim, that's the priority claim. As I understand paragraph 1. So the 997 covers 2011, but that doesn't say anything about what the 586 covers. Okay, the 586 goes to the secured claim, but because it wasn't enough to cover... Okay, but which part of the secured claim? Why is it... It doesn't matter, Your Honor, the IRS can treat any year as priority if it fulfills the statutory requirements. 2009 is the earliest year that fulfills the statutory requirements of a priority claim and is therefore non-dischargeable under the statute. So this only... That speaks to what is being allowed for purposes of distributing the remaining proceeds of the estate. So why in theory can't it cover 2009, but not 2010? I guess 2010 isn't covered on page two, is that right? That's why. Okay. So I'm sorry, my time is running short. The important thing is that this stipulation solely provided for the allowance of the claim and based on what assets were available, what would be paid to secured, what would be paid to priority, and what would be paid or what wouldn't be paid. It did not specify, it did not bind the IRS to any dischargeability or non-dischargeability, which is determined by statute. Because a clear... This stipulation does not contain a clear explicit waiver of the IRS's right to pursue the 2009 statutorily non-dischargeable liability, therefore there is no preclusive effect on that issue. I believe I'm out of time. Thank you, Ms. Oletzer. Mr. Shimano, I'll give you one minute. Thank you, Your Honor. Just so the court's panel's aware, the motion is tab 19 of the exhibits to record, so it is in the excerpts. I just want to emphasize that the court's question about the 586 question is a good question. The IRS reserved the right explicitly to allocate that 586 to any year it wanted. We don't have any dispute with that, but by the IRS's logic, the fact that they received $882,000 from the trustee on account of their allowed priority, under their logic, they should be able to say to Mr. Minor, oh, we're going to allocate that to a dischargeable year. The fact that we allocated it to the trustee to be a non-dischargeable year doesn't bind us when we come to litigating with you. You have to put yourself in the shoes of a Chapter 7 debtor who is facing a non-dischargeable claim, and a trustee enters into a settlement. What is that Chapter 7 debtor supposed to do? Was Mr. Minor supposed to object to this and say, oh, no, you should allow their priority claim in a bigger amount and distribute more money to them? You can't put Chapter 7 debtors in that position. They have to be able to rely on trustee settlements, and if the IRS says this is our priority claim, debtors have to be able to rely on it. Thank you, Mr. Shimano. Thank you, Ms. Wolitzer, for your oral argument presentations here today. The case of Halsley McLean Minor v. United States of America is now submitted.
judges: MURGUIA, GRABER, BEA